ORIGINAL

FILED
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JOHNNY H. LUCAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV407-002 |
| | ) |
| OFFICER BARNES, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff filed the instant complaint in the Chatham County Superior Court on December 5, 2006, and defendants removed it to this Court on January 4, 2007. Doc. 1. Before the Court is defendants' motion to dismiss the complaint on the ground that plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), prior to filing his complaint. Doc. 2. Plaintiff has not responded to this motion. For the following reasons, defendants' motion should be GRANTED and plaintiff's complaint should be DISMISSED without prejudice.

## I. Background

Plaintiff, an inmate at the Coastal State Prison, alleges that defendant Barnes, a correctional officer at the prison, criminally assaulted him when she struck him with the mirror of her vehicle as she drove past his work detail on October 2, 2006. Doc. 1. Plaintiff alleges that after defendant Barnes hit him with her vehicle, she "verbalize [sic] some vulgar words and kept on going." Id. Plaintiff filed an informal grievance related to this incident but it was denied as untimely. Id. Plaintiff contends that his informal grievance was late because his prison counselor had resigned and he had to turn the grievance into another counselor and by the time he did so, the time for filing the grievance had expired. Id. Plaintiff contends that the "inadequate [grievance] process" prevented him from filing his informal grievance in a timely manner and that this "inadequate process" violated his federal constitutional rights to due process and equal protection.[1] Id.

---

[1] Plaintiff originally filed his complaint in the Chatham County Superior Court on December 5, 2006. Doc. 1. Plaintiff indicated on his complaint that his case was primarily a tort action involving an automobile accident and premises liability. Id. Defendants removed the action to this Court on January 4, 2007 pursuant to 28 U.S.C. § 1441(b) on account of plaintiff's federal constitutional due process and equal protection claims, which implicate this Court's original jurisdiction under 28 U.S.C. § 1331. Id.

## II. The PLRA Exhaustion Requirement

A prisoner is required to exhaust all available administrative remedies prior to bringing an action challenging the conditions of his confinement. The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Even though plaintiff originally filed his complaint in state court, he is not exempt from the exhaustion requirement of the PLRA since his complaint alleges that the inadequate grievance procedure at Coastal State Prison violated his federal constitutional rights of due process and equal protection. The plain language of § 1997e(a) provides that "[n]o *action* shall be brought . . . until such administrative remedies as are available are exhausted," and, therefore, makes no distinction between federal and state-initiated actions. The Eleventh Circuit has made clear that the mandatory exhaustion requirement is a "'pre-condition to suit'" that must be enforced even if the available administrative remedies are either futile or inadequate. Harris v. Garner,

3

190 F.3d 1279, 1285-86 (11th Cir. 1999) (quoting Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998), vacated, 197 F.3d 1059, reinstated in part, 216 F.3d 970 (11th Cir. 2000)).

The United States Supreme Court has recently reiterated the mandatory nature of the exhaustion requirement, announcing that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); see also Porter v. Nussle, 534 U.S. 516, 523 (2002) (mandatory exhaustion requirement applies to all inmate suits about prison life). Furthermore, the PLRA "requires proper exhaustion." Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006). An inmate must "us[e] all steps" in the administrative process and comply with any administrative "deadlines and other critical procedural rules" before exhaustion is proper. Id. at 2385-86 (internal quotation omitted). Thus, if an inmate has filed an "untimely or otherwise procedurally defective administrative grievance or appeal," an inmate has not properly exhausted his administrative remedies. Id. at 2382; see also Lambert v. United States, 2006 WL 2468533 (11th Cir. 2006) (proper exhaustion requires filing grievance "under the terms of and

according to the time set by BOP regulations"). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005). "[A] Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures'" in order to exhaust his administrative remedies properly. Salas v. Tillman, 162 Fed. Appx. 918, 920 (11th Cir. 2006) (quoting Johnson, 418 F.3d at 1155).

## III. Defendants' Motion to Dismiss

Defendants have filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Doc. 2. That rule, however, does not provide the proper vehicle for challenging an inmate's failure to exhaust his administrative remedies. Although some courts have construed motions to dismiss for failure to exhaust as asserting a failure to state a claim for relief under Rule 12(b)(6), this is not an appropriate characterization since a motion to dismiss under Rule 12(b)(6) contests the *legal* sufficiency of the claim, and where the motion requires

consideration of factual matters outside of the pleadings, the motion must be converted to a Rule 56 motion for summary judgment. Rule 56 allows the Court to determine the existence of any issues of material fact but precludes it from deciding any disputed factual issues. 10A Federal Practice and Procedure § 2712, at 205-06 ("the court cannot try issues of fact on a Rule 56 motion but only is empowered to determine whether there are issues to be tried."). Furthermore, under Rule 56 the movant is seeking a *judgment on the merits*, whereas a motion contesting exhaustion is seeking dismissal on a ground unrelated to the merits of the suit. Thus, unlike the award of summary judgment, which has a preclusive effect on any later action the plaintiff may file, the granting of a motion to dismiss for lack of exhaustion is a matter of abatement which will not prevent the claim from being reasserted once the defect is remedied. See 5C Federal Practice and Procedure § 2713.

In Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), the Court considered the proper pretrial motion for asserting that a prisoner has failed to exhaust his administrative remedies under the PLRA. The Court reasoned "that the failure to exhaust nonjudicial remedies that are not

jurisdictional should be treated as a matter in abatement, which is subject to an *unenumerated* Rule 12(b) motion rather than a motion for summary judgment." Id. at 1119 (emphasis added). Because a motion contesting a prisoner's exhaustion of administrative remedies does not reach the merits of his underlying claim, "the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1120. If the resolution of the motion leads the Court to conclude that the prisoner has not exhausted his administrative remedies, the Court should then dismiss the prisoner's claim without prejudice. Id.

Like the Court in Wyatt, this Court finds that a motion to dismiss a prisoner's suit on the non-jurisdictional ground[2] that he has failed to exhaust his administrative remedies under § 1997e(a) raises a matter of abatement subject to "an unenumerated" Rule 12(b) motion to dismiss. Wyatt, 315 F.3d at 1119. See 5C Federal Practice and Procedure § 1360 (noting that the federal courts "traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules or by statute."). Accordingly, the Court will proceed to address and resolve the

---

[2]The Supreme Court has recently made clear that "the PLRA exhaustion requirement is not jurisdictional." Woodford v. Ngo, 126 S. Ct. at 2392.

factual issues raised by defendants' motion to dismiss for lack of exhaustion.

## IV. Analysis

Defendants assert that plaintiff failed to file a formal grievance following the denial of his informal grievance and has, therefore, failed to exhaust his available administrative remedies. Doc. 2. Plaintiff asserts that his informal grievance was belatedly filed since his prison counselor had resigned, and he contends that the "inadequate process" hindered his attempts to file a grievance properly. Doc. 1. Thus, plaintiff claims that he was denied his constitutional rights of due process and equal protection. Id.

The Georgia Department of Corrections has adopted a three-step grievance process for inmates seeking to bring complaints to the attention of prison officials and obtain a resolution to their complaints. See SOPIIB05-0001 § VI (eff. date June 1, 2004); Doc. 3, Thomas Aff., Ex. A. The first step requires an inmate to file an informal grievance within ten calendar days from the date of the alleged incident giving rise to the grievance. Id. An inmate's failure to comply with the time limitation can

be excused for good cause. Id. The informal grievance forms are available in the prison control rooms and from a counselor or officer on duty for those inmates in the Special Management Unit. Id. If the grievance cannot be resolved informally, the inmate may file a formal grievance. Id. The warden then investigates the formal grievance and issues his response. Id. If the inmate remains dissatisfied with the response, he may file an appeal with the Central Office. Id. If an inmate feels threatened by another inmate or staff member at the prison, he may file an emergency grievance and bypass the normal grievance process. Id.

Defendants have submitted the affidavit of Gregory Thomas, the Deputy Warden at Coastal State Prison, in support of their motion to dismiss. Doc. 3, Thomas Aff.. Deputy Warden Thomas is responsible for ensuring that the grievance procedure is properly applied at the prison and that prison officials and inmates comply with its terms. Id. Defendants have also attached plaintiff's informal grievance to their motion. Doc. 3, Thomas Aff., Ex. C.

Pursuant to the Standard Operating Procedure, an inmate may request an informal grievance form from a counselor or officer in the prison

and may request a formal grievance form from any counselor following the denial of the informal grievance. Doc. 3, Thomas Aff.. Plaintiff completed and signed his informal grievance concerning the alleged October 2, 2006 incident on October 10, 2006. Doc. 3, Thomas Aff., Ex. C. Helen Wooten, plaintiff's counselor, did not receive the grievance until October 16, 2006. Id., Ex. D. The grievance was rejected as untimely and plaintiff was informed of this decision the following day. Id., Thomas Aff.. Plaintiff never took the next step in the grievance process by requesting and filing a formal grievance. Id.

Although plaintiff claims that his informal grievance was untimely because his prison counselor resigned and the "inadequate [grievance] process" prevented him from properly filing his grievance, plaintiff failed to file a formal grievance to explain the situation and the reasons for his untimeliness. Deputy Warden Thomas states that plaintiff "could have provided an explanation for his tardiness, and the grievance would have been considered out of time." Doc. 3, Thomas Aff.. In fact, the grievance procedure specifically provides that an inmate may file an untimely grievance upon a showing of good cause. SOPIIB05-001 § VI(C)(2). Prison

officials explained the grievance process to plaintiff upon his arrival at the prison and they provided him with a copy of the Orientation Handbook for Offenders, which also describes the grievance procedure. Doc. 3, Thomas Aff.; see also Doc. 3, Thomas Aff., Ex. B (Coastal State Prison Diagnostic Handbook). Plaintiff acknowledged receipt of the Orientation Handbook and that he understood its contents on December 1, 2005. Doc. 3, Thomas Aff., Ex. F. Despite his understanding of the grievance process, plaintiff neither filed a formal grievance after prison officials denied his informal grievance nor attempted to explain his delay in filing his informal grievance. Consequently, plaintiff has failed to exhaust his administrative remedies in connection with the October 2, 2006 incident.

## V. Conclusion

Based on the foregoing, plaintiff failed to exhaust his administrative remedies prior to filing the instant complaint. Because exhaustion is a precondition to bringing suit and the Court may not consider any unexhausted claims, Jones, 127 S. Ct. at 923, defendants' motion should be GRANTED

and plaintiff's complaint should be DISMISSED without prejudice.[3]

**SO REPORTED AND RECOMMENDED** this 5TH day of April, 2007.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3]Since the Court finds that plaintiff has failed to exhaust his administrative remedies, it need not address the other grounds of defendants' motion.